IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-507-CR





GARY M. RICHTER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0931630, HONORABLE LARRY FULLER, JUDGE PRESIDING



 





PER CURIAM

 The district court found appellant guilty of aggravated robbery and assessed
punishment, enhanced, at imprisonment for forty years. Tex. Penal Code Ann. § 29.03 (West
Supp. 1994). The sole point of error on appeal is appellant's contention that he did not receive
effective representation of counsel at trial.

 Anthony Satsky testified that appellant was visiting him in his apartment on the
afternoon in question. Appellant was acting strangely, so Satsky kept an eye on him. Satsky saw
appellant take a loaded pistol belonging to Satsky from under the kitchen sink and leave the
apartment. Satsky pursued appellant to the latter's pickup truck. Appellant got into the truck and
locked the doors. Satsky broke a door window and reached inside, but retreated when appellant
pointed the pistol at him. 

 In his own testimony, appellant admitted stealing the pistol but denied pointing it
at Satsky. A second defense witness, Ora Tanksley, testified that she was in the pickup with
appellant. She corroborated appellant's assertion that he did not point the pistol at Satsky.

 Appellant asserts that trial counsel made a "single but devastating error" when he
failed to argue that appellant's conduct could reasonably be interpreted as a theft followed by an
act of self-defense. Relying on appellant's testimony, defense counsel urged the court to convict
appellant of the lesser included offense of theft. The court instead found appellant guilty of
aggravated robbery as alleged, remarking, "The Court would be more likely to believe that he
pointed the gun out of fear for his own life after the complaining witness or the victim knocked
the windows out of the car. But he is taking the position that is not true, that he never pointed
the gun at anybody."

 As this statement demonstrates, the district court was fully aware of the alternative
theory of culpability now advanced by appellant. The court did not reject this theory because
defense counsel failed to urge it, but because appellant's own testimony refuted it. We find no
basis for concluding that trial counsel's representation was ineffective. See Strickland v.
Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App.
1986). The point of error is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: April 6, 1994

Do Not Publish